UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6:22-CR-056-CHB |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ADOPTING MAGISTRATE** |
| ) | **JUDGE'S RECOMMENDED** |
| FLOYD T. ADAMS, ) | **DISPOSITION AND FINDING** |
| ) | **DEFENDANT COMPETENT** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition ("Recommendation") filed by Magistrate Judge Hanley A. Ingram. [R. 53]. The Recommendation addresses Defendant Floyd T. Adams's competency to face further proceedings, including trial, in this matter. For the reasons that follow, the Court will adopt Magistrate Judge Ingram's Recommendation and declare Adams competent to face further proceedings.

On October 4, 2022, Adams moved for a competency evaluation. [R. 20]. The Court referred Adams's motion to Magistrate Judge Ingram, who granted the motion and ordered a custodial psychiatric or psychological examination pursuant to 18 U.S.C. § 4241(b). [R. 28]; [R. 30]. On April 24, 2023, the Court received the post-examination forensic report prepared by Dr. Nicole Osborn, which stated that Defendant is competent for trial purposes. [R. 50, p. 18].

On April 27, 2023, Magistrate Judge Ingram conducted a competency hearing pursuant to 18 U.S.C. §§ 4241 and 4247(d). *See* [R. 52]. At the hearing, the parties stipulated to the admissibility of Dr. Osborn's report, Dr. Osborn's qualifications, and the report's findings and waived introduction of other proof and the right to examine or cross-examine Dr. Osborn. [R. 53, pp. 1–2]. Magistrate Judge Ingram's Recommended Disposition followed, recommending that this

1

Court find Adams competent to face further proceedings in this matter, including trial. *Id.* at 8. Neither party has filed objections to the Recommendation, and the matter is ripe for review.

  For a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960); *see also* 18 U.S.C. § 4241(a) (a defendant is not competent if he is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). 18 U.S.C. § 4247(d) governs competency hearings and guarantees a defendant the right to confront and cross-examine witnesses and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to hearing procedures outlined in section 4247(d)) and providing a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a)).

  Magistrate Judge Ingram accurately recited this standard before noting "the only proof concerning Defendant's competency is the expert analysis of Dr. Osborn," the admissibility and substance of which was not disputed by Adams. [R. 53, p. 3]. Magistrate Judge Ingram further found that the Report "reflects personal observation, a review of Defendant's available medical history and status, a random sample of telephone calls Defendant made during the examination period, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards." *Id.* Magistrate Judge Ingram determined that through direct observation via interviews and psychological testing, as well as through review of Defendant's history, Dr. Osborn created a "thorough and comprehensive assessment of Defendant's mental and psychiatric condition." *Id.*

On the information available during the evaluation, Dr. Osborn diagnosed Defendant with "Other Specified Paraphilic Disorder, Pedophilic Sexual Interest," which she notes is not a "major mental health condition" and does not impact Adams's ability to understand the nature and consequences of legal proceedings or assist properly in his defense. [R. 50, pp. 16, 17, 18].

Considering Dr. Osborn's specific findings and their rationales, Magistrate Judge Ingram found her report "includes a thorough assessment of [the relevant] tests and Defendant's scores." *Id.* at 6. Magistrate Judge Ingram confirmed that Dr. Osborn accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine competence, that Dr. Osborn "elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial," and, ultimately, that "the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted." *Id.* at 8.

Lastly, during the competency hearing, Magistrate Judge Ingram sought the insight of Defendant's attorney, who "indicated that Defendant seemed to understand the contents of the Report and their interactions were consistent the evaluator's assessment and conclusions." *Id.* For all these reasons, Magistrate Judge Ingram found "no evidence which tends to show that Defendant is not competent," which, "of course, precludes any finding of incompetency by a preponderance of the evidence." *Id.*

Magistrate Judge Ingram's Recommendation advised the parties that any objections must be filed within fourteen (14) days. *Id.* at 9. The time to object has passed, and neither party has filed any objections to the Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are

3

made, this Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Nevertheless, The Court has reviewed the record, including Dr. Osborn's report, and likewise finds by a preponderance of the evidence that Adams is competent. The Court therefore agrees with Magistrate Judge Ingram's Recommendation to find Adams competent to face further proceedings, including trial, in this matter.

**IT IS THEREFORE ORDERED** as follows:

1. Magistrate Judge Ingram's Recommendation [**R. 53**] is **ADOPTED** as the opinion of this Court.

2. Defendant Floyd T. Adams is **DECLARED COMPETENT** per 18 U.S.C. § 4241(a) to face further proceedings, including trial, in this matter.

This the 16th day of May, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY